PEOPLE v PITTS

Docket Nos. 180336, 180850. Submitted December 19, 1995, at Detroit. Decided April 5, 1996, at 9:20 A.M.

Kevin Pitts was bound over by the 36th District Court to the Recorder's Court for the City of Detroit on a charge of violating the child sexually abusive activity statute. The defendant brought a motion to quash in the Recorder's Court. The court, Robert L. Evans, J., granted the motion in part and ordered the charge reduced to distributing child sexually abusive material. The people appealed by leave granted (Docket No. 180336), alleging that the trial court abused its discretion in reducing the charge. The defendant also appealed by leave granted (Docket No. 180850), alleging that the trial court erred in failing to dismiss the charge in its entirety. The appeals were consolidated.

The Court of Appeals *held:*

1. Subsection 2 of the child sexually abusive activity statute, MCL 750.145c(2); MSA 28.342a(2), is clear and unambiguous and does not suggest that the term "knowingly allows" should be construed as applying only to a class of persons responsible for the care of a child. The trial court erred in determining otherwise. The definition of "child abuse" in the Child Protection Law, MCL 722.621 *et seq.*; MSA 25.248(1) *et seq.*, does not affect the meaning of the term when used in the child sexually abusive activity statute.

2. There was no violation of the teacher-student privilege, MCL 600.2165; MSA 27A.2165, and the decision to bind the defendant over for trial was not based on inadmissible hearsay evidence.

3. The order in Docket No. 180336 reducing the charge must be reversed and the matter must be remanded. The original charge must be reinstated. The evidentiary rulings in Docket No. 180850 must be affirmed.

Docket No. 180850 affirmed; Docket No. 180336 reversed; case remanded.

1. CRIMINAL LAW — CHILD SEXUALLY ABUSIVE ACTIVITY — WORDS AND PHRASES — "KNOWINGLY ALLOWS."

The term "knowingly allows" in the child sexually abusive activity statute is not to be construed as applying only to a class of persons

responsible for the care of a child (MCL 750.145c[2]; MSA 28.342a[2]).

2. CRIMINAL LAW — CHILD PROTECTION LAW — CHILD SEXUALLY ABUSIVE ACTIV-
ITY — WORDS AND PHRASES — "CHILD ABUSE."
 The definition of "child abuse" in the Child Protection Law does not affect the meaning of the term when used in the child sexually abu-sive activity statute (MCL 722.622[c], 750.145c; MSA 25.248[2][c], 28.342a).

3. EVIDENCE — TEACHER-STUDENT PRIVILEGE.
 The teacher-student privilege does not apply where the communica-tion sought to be protected by the privilege is not confidential (MCL 600.2165; MSA 27A.2165).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Mary DuFour Morrow,* Assistant Prosecuting Attorney, for the people.

*Cornelius Pitts,* for the defendant.

Before: MARKMAN, P.J., and MARILYN KELLY and L. V. BUCCI,* JJ.

MARILYN KELLY, J. Plaintiff and defendant both appeal by leave granted from a partial grant of defendant's motion to quash the bind over. Defendant was charged with violation of the child sexually abu-sive activity statute. MCL 750.145c(2); MSA 28.342a(2). Following a preliminary examination in the district court and the binding over of defendant on that charge, the trial court reduced the charge to distributing child sexually abusive material. MCL 750.145c(3); MSA 28.342a(3).

In Docket No. 180336, the prosecution argues that the trial court abused its discretion in reducing the

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

charge. In Docket No. 180850, defendant argues that the court should have dismissed the charge in its entirety; instead it used inadmissible hearsay to support the lesser charge. We reverse in Docket No. 180336, affirm in Docket No. 180850, and remand for further proceedings.

I

At the preliminary examination, the complainant testified that she and Lawrence Cox decided to have sexual intercourse. Complainant was sixteen years old. They went with defendant to Cox's house. Upon realizing that Cox's mother was home, defendant suggested that they go to his house. Once there, complainant and Cox went to the basement where they engaged in sexual intercourse.

Some days later, complainant heard that a video tape had been made of her and Cox having sexual intercourse at defendant's house. Defendant admitted to her that he had hidden a camera in the basement, had taped her with Cox and had shown the tape to others for entertainment.

Following the preliminary examination, the magistrate bound over defendant on the charge of sexually abusive activity. MCL 750.145c(2); MSA 28.342a(2). Following defendant's motion to quash, the trial court found that the prosecution failed to establish the requisite elements of the crime. It ruled that the statute applied only to a class of persons responsible for the child's welfare and that defendant was not in that class. The court found, however, that there was probable cause to support a charge of distributing child sexually abusive material. MCL 750.145c(3); MSA 28.342a(3).

II

A defendant must be bound over for trial if the pre-liminary examination evidence establishes that a crime was committed and probable cause exists to believe that the defendant committed it. MCL 766.13; MSA 28.931; *People v Grant*, 211 Mich App 200, 202; 535 NW2d 581 (1995). We review for error a lower court's decision to grant a motion to quash on legal grounds. *Id.*

MCL 750.145c(2); MSA 28.342a(2) provides:

> A person who persuades, induces, entices, coerces, causes, or knowingly allows a child to engage in a child sexually abusive activity for the purpose of producing any child sexually abusive material . . . is guilty of a felony.

A fundamental rule of statutory construction is to ascertain the purpose and intent of the Legislature in enacting a provision. *People v Hawkins*, 181 Mich App 393, 396; 448 NW2d 858 (1989). The first criterion in determining intent is the specific language of the statute. *Id.* If it is clear and unambiguous, judicial construction is precluded. *People v Cannon*, 206 Mich App 653, 655; 522 NW2d 716 (1994); *People v Payne*, 180 Mich App 283, 286; 446 NW2d 629 (1989).

Here, the statute is clear and unambiguous. Nothing in it suggests that the term "knowingly allows" should be construed as applying only to a class of persons responsible for the care of the child. In reaching a contrary conclusion, the trial court relied on a portion of the Child Protection Law. MCL 722.621 *et seq.*; MSA 25.248(1) *et seq.* Under that law, child abuse is defined as

harm or threatened harm to a child's health or welfare by a parent, legal guardian, or any other person responsible for the child's health or welfare, or by a teacher or teacher's aide, that occurs through nonaccidental physical or mental injury; sexual abuse; sexual exploitation; or maltreatment. [MCL 722.622(c); MSA 25.248(2)(c).]

Sexual exploitation is defined as

allowing, permitting, or encouraging a child to engage in prostitution, or allowing, permitting, encouraging, or engaging, in the photographing, filming, or depicting of a child engaged in a listed sexual act as defined in section 145c of Act No. 328 of the Public Acts of 1931, being section 750.145c of the Michigan Compiled Laws. [MCL 722.622(1); MSA 25.248(2)(1).]

Even though the Child Protection Law refers to MCL 750.145c; MSA 28.342a when defining sexual exploitation, we do not believe that it should be consulted for the purpose of construing "knowingly allows" under MCL 750.145c; MSA 28.342a. Statutes are in pari materia when they relate to the same person or thing, to the same class of persons or things, or have the same purpose or object. *Richardson v Jackson Co*, 432 Mich 377, 384; 443 NW2d 105 (1989); *Skene v Fileccia*, 213 Mich App 1, 5; 539 NW2d 531 (1995). One act is not in pari materia with another, even if it incidentally refers to the same subject, if the scope and aim of the two are distinct and unconnected. *Pavlov v Community Emergency Medical Service, Inc*, 195 Mich App 711, 721; 491 NW2d 874 (1992).

The Child Protection Law requires the reporting of child abuse and neglect by certain persons, such as physicians, nurses and social workers. It establishes a central registry system and provides immunity for

persons reporting such abuse. MCL 722.627; MSA 25.248(7), MCL 722.625; MSA 25.248(5). On the other hand, MCL 750.145c(2); MSA 28.342a(2) delineates what constitutes a felony. It has its own set of definitions and does not refer to the Child Protection Law. Therefore, the definition of "child abuse" in the Child Protection Law does not affect the meaning of the term when used in the child sexually abusive activity statute. If there is a shortcoming in the language of the statute, it is for the Legislature to correct.

Even if the two were read together, the Child Protection Law does not contain the limitation relied upon by defendant and the trial court. Looking closely at the definition of child abuse, we note that semicolons separate sexual abuse and sexual exploitation from the rest of the definition. Therefore, child abuse encompasses sexual exploitation, regardless of whether it is engaged in or caused by someone responsible for the care of the child.[1]

III

In Docket No. 180850, defendant argues that the charges should have been dismissed, because evidence was submitted in violation of the teacher-student privilege and the bind over was based on inadmissible hearsay. We disagree.

MCL 600.2165; MSA 27A.2165 provides:

> No teacher, guidance officer, school executive or other professional person engaged in character building in the public schools or in any other educational institution, including any clerical worker of such schools and institu-

---

[1] The issue before us is the proper construction of the child sexually abusive activity statute, not the relative merits of its invocation in the circumstances presented here.

tions, who maintains records of students' behavior or who has records in his custody, or who receives in confidence communications from students or other juveniles, shall be allowed in any proceedings, civil or criminal, in any court of this state, to disclose any information obtained by him from the records or such communications; nor to produce records or transcript thereof, except that testimony may be given, with the consent of the person so confiding or to whom the records relate, if the person is 18 years of age or over, or, if the person is a minor, with the consent of his or her parent or legal guardian.

Here, no teacher or administrator was called to testify. Rather, the complainant, in whose presence incriminating statements were made, testified. Therefore, the statute is inapplicable.

Moreover, where there is no indication that the communication was confidential, the student-teacher privilege is neither at issue nor violated. *Samson v Saginaw Professional Building, Inc*, 44 Mich App 658, 671; 205 NW2d 833 (1973), aff'd 393 Mich 393; 224 NW2d 843 (1975). Defendant made the incriminating statement about the hidden video camera in the office of the assistant principal. Present were the assistant principal, a teacher, Cox and complainant. Therefore, it was not a confidential communication to which the teacher-student privilege applies.

Finally, defendant argues that certain statements made by complainant at the preliminary examination were hearsay. Absent those statements, defendant argues, there would be no evidence of the existence of the tape. The record reveals, to the contrary, that at the time the statements were made, defendant had already stipulated to its existence. Therefore, even if the evidence were offered to prove the truth of the matter asserted, it would merely have been cumula-

tive to the stipulation. No substantial right of defendant was affected. See *People v Travis*, 443 Mich 668, 686; 505 NW2d 563 (1993).

We reverse in Docket No. 180336 and affirm the evidentiary rulings in Docket No. 180850. The original charge is reinstated. We remand for further proceedings and do not retain jurisdiction.