*In re* WEISS

Docket No. 193169. Submitted April 8, 1997, at Detroit. Decided June 3, 1997, at 9:05 A.M.

The Wayne County Prosecutor filed a petition in the Wayne County Probate Court, Juvenile Division, alleging that Mark Weiss came within the jurisdiction of the court because of incorrigible conduct. Following an adjudicative hearing, the court, Freddie G. Burton, Jr., J., found the respondent to be incorrigible and to come within the provisions of the juvenile code and placed him on probation. The respondent appealed.

The Court of Appeals *held:*

1. The respondent failed to object in a timely fashion to the introduction of alleged hearsay testimony by his father. The issue was not properly preserved for appellate review.

2. The petition charging the respondent with committing incorrigible behavior, MCL 712A.2(a)(3); MSA 27.3178(598.2)(a)(3), afforded the respondent sufficient notice to enable him to prepare a defense. The respondent was on notice that his misbehavior at school and in the community would be considered relevant in the adjudicative hearing concerning his general disobedience.

3. The standard of proof in the adjudicative phase of a juvenile delinquency proceeding is beyond a reasonable doubt. The court erred in applying the preponderance of the evidence standard. The matter must be remanded for findings under the proper standard. If the court finds that the petition has been sustained beyond a reasonable doubt, its decision must be affirmed; if not, the petition must be dismissed.

Remanded.

1. EVIDENCE — PRESERVING ISSUES.

A party opposing the admission of evidence must timely object at trial and specify the same ground for objection that it asserts on appeal in order to preserve the issue for appellate review; an objection to a question should be interposed between the question and the answer in order to be timely (MRE 103[a][1]).

2. Courts — Probate Court — Jurisdiction — Disobedient Children.

The juvenile division of the probate court has authority over a child under seventeen years of age where the court finds that the child is repeatedly disobedient to the reasonable and lawful commands of the child's parents, guardian, or custodian and the court finds on the record by clear and convincing evidence that court-accessed services are necessary; the child's disobedience need not occur at home and may be found to have occurred at school or in the community (MCL 712A.2[a][3]; MSA 27.3178[598.2][a][3]).

3. Courts — Probate Court — Juvenile Delinquency Proceedings — Standard of Proof.

The standard of proof applicable in the adjudicative phase of a juvenile delinquency proceeding is the beyond a reasonable doubt standard (MCR 5.942[C]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Rita H. Lewis*, Assistant Prosecuting Attorney, for the petitioner.

*Ashford & Associates, a Professional Corporation* (by *Linda D. Ashford*), for the respondent.

Before: McDONALD, P.J., and REILLY and O'CONNELL, JJ.

McDONALD, P.J. Following an adjudicative hearing, respondent was found to be incorrigible and to come within the provisions of the juvenile code, MCL 712A.2(a)(3); MSA 27.3178(598.2)(a)(3). Thereafter respondent was placed on probation. Respondent appeals as of right, challenging the court's assumption of jurisdiction over him. We remand for further proceedings.

Respondent first claims error in the introduction of his father's testimony at the adjudicative hearing that respondent was caught smoking marijuana, had gotten into trouble for bringing a bow and arrow to

school, and was arrested for committing retail fraud. Respondent contends the testimony constituted impermissible hearsay. We find no error warranting reversal.

Respondent failed to object to the testimony in a timely fashion. Respondent waited until the cross-examination of his father before raising any hearsay objections. A party opposing the admission of evidence must timely object at trial and specify the same ground for objection that it asserts on appeal.[1] MRE 103(a)(1); see also *People v Grant*, 445 Mich 535; 520 NW2d 123 (1994). To be timely, an objection should be interposed between the question and the answer. *Carreras v Honeggers & Co, Inc*, 68 Mich App 716, 722; 244 NW2d 10 (1976). Because respondent's counsel failed to timely object on hearsay grounds, this issue is not properly preserved for appellate review.

Moreover, even were the issue properly preserved, we would find no abuse of discretion in the court's admission of the testimony. *People v Ullah*, 216 Mich App 669, 673; 550 NW2d 568 (1996). The statements were not admitted to prove the truth of the matters asserted. MRE 801(c). The statements were admitted to show respondent got into trouble, not that he actually committed the acts that got him into the trouble.

Respondent next claims he was adjudicated for conduct wholly unrelated to incorrigibility. We disagree. Respondent was charged with committing incorrigible behavior, i.e., truancy, refusing to obey reasonable parental commands, or being out of control, MCL 712A.2(a)(3); MSA 27.3178(598.2)(a)(3). Respon-

---

[1] The Michigan Rules of Evidence apply to trials in the juvenile division of the probate court. MCR 5.942(C).

dent claims because this section of the statute only covers a child's disobedience to his parents and mentions nothing about a child's problems at school or with the police, he could not have been found to have violated the statute. Respondent claims the court essentially charged him with delinquency violations, i.e., school problems and violations of criminal statutes, without giving fair notice of such charges. Additionally, respondent notes different sections of MCL 712A.2(a); MSA 27.3178(598.2)(a) cover school problems and violations of criminal statutes, and, therefore, argues the prosecutor should have charged him accordingly. We find none of respondent's arguments persuasive.

MCL 712A.2(a)(3); MSA 27.3178(598.2)(a)(3) provides the juvenile division of the probate court shall have authority over a child under seventeen years of age if

> [t]he child is repeatedly disobedient to the reasonable and lawful commands of his or her parents, guardian, or custodian and the court finds on the record by clear and convincing evidence that court-accessed services are necessary.

The first criterion in determining the intent of the Legislature is the specific language of the statute. *People v Pitts*, 216 Mich App 229; 548 NW2d 688 (1996). The Legislature is presumed to have intended the meaning it plainly expressed. *People v Roseburgh*, 215 Mich App 237; 545 NW2d 14 (1996). If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted. *People v Nantelle*, 215 Mich App 77; 544 NW2d 667 (1996). "Disobedient" is defined in Webster's dictionary as:

> [R]efusing or neglecting to obey : disobeying an order or rule . . . characterized by habitual disobedience : Unruly . . . not yielding. [*Webster's Third New International Dictionary* (1970), p 652.]

The statute does not state or intimate a child's disobedience must occur at "home". We believe the concept of disobeying one's parents' commands encompasses getting suspended from school or performing illegal acts. In construing a statute, this Court should attempt to avoid absurd or unreasonable consequences. *People v Ward*, 211 Mich App 489, 492; 536 NW2d 270 (1995).

Common sense dictates respondent was on notice his misbehavior at school and in the community would be considered relevant in a trial concerning his general disobedience. Respondent was aware of his own misbehavior as well as his father's dissatisfaction with him. The specificity respondent requests be placed in the petition would not have helped respondent defend himself against the incorrigibility charge. Moreover, the statute does not require that the prosecutor file specific petitions to hold respondent accountable for misbehavior at school or for his performing illegal acts like smoking marijuana or committing retail fraud. While respondent is correct he could have been brought under the jurisdiction of the juvenile division of the probate court for having violated a municipal ordinance or having violated school rules, the fact the prosecutor chose to charge respondent with being generally disobedient does not preclude the court from considering evidence regarding the other factors in making its determination of delinquency. Because the petition regarding respondent's general disobedience afforded him sufficient notice to

enable him to prepare a defense at trial, we conclude the statute was properly interpreted and applied by the court.

Respondent next claims there was insufficient evidence presented to support the court's finding of incorrigibility. The evidence indicated respondent did not follow his father's wishes regarding his behavior at school or in the neighborhood. Respondent's problematic behavior included his receiving numerous suspensions from school and getting caught by the police while he was smoking marijuana. Additionally, his father testified he did not believe therapy was a viable solution for respondent's problems because it had been tried before and was not successful. In evaluating the evidence the court stated "the allegations in the petition [for delinquency] have been substantiated by a preponderance." The standard of proof in the adjudicative phase of a juvenile delinquency proceeding is beyond a reasonable doubt. MCR 5.942(C); see also *People v Hana*, 443 Mich 202, 211, n 31; 504 NW2d 166 (1993). We therefore remand the matter for application of the proper standard of proof.

Finally, respondent argues the cumulative effect of the errors committed at trial require reversal. However, as noted, aside from the application of the wrong standard of proof, no cognizable errors were committed.

Remanded to the probate court for findings under the beyond a reasonable doubt standard of proof. If the court finds the petition has been substantiated beyond a reasonable doubt, its decision is affirmed; if not, the petition is dismissed. We do not retain jurisdiction.