PEOPLE v BEARDSLEY

Docket No. 246202. Submitted July 14, 2004, at Lansing. Decided August 24, 2004, at 9:10 A.M.

Christine Beardsley and Barbara Wojcik, a school administrator and a middle school principal, were charged in the 81st District Court with violating the Child Protection Law (CPL), MCL 722.621 *et seq.*, by failing to report an incident of sexual contact between two children at the middle school to the Family Independence Agency (FIA). MCL 722.623. The court, Allen C. Yenior, J., denied a motion to dismiss the charges. The Iosco Circuit Court, Richard J. Ernst, J., reversed the district court's order and dismissed the charges against the defendants on the ground that the incident of sexual contact was not a reportable incident of child abuse as the term "child abuse" is defined in 2000 PA 45, MCL 722.622(e). The court ruled that the incident was not reportable because the sexual act was not perpetrated by a person enumerated in § 622(e). The people appealed by delayed leave granted.

The Court of Appeals *held*:

2000 PA 45, MCL 722.622(e) defined "child abuse" to mean "harm or threatened harm to a child's health or welfare by a parent, a legal guardian, or any other person responsible for the child's health or welfare, or by a teacher, or teacher's aide, that occurs through nonaccidental physical or mental injury; sexual abuse; sexual exploitation; or maltreatment." The correct construction of this ambiguous statute, in recognition that the Legislature is aware of the rules of grammar and punctuation, precludes the people's construction that would read into the statute the requirement that in any case involving sexual contact with or penetration of a child there is a duty to report that incident to the FIA. Instead, the statute must be interpreted to accomplish the purpose of the CPL, which is to require the reporting of child abuse and neglect by certain persons, i.e., those individuals with authority or control over a child and are not likely to report their abuse of a child. Therefore, MCL 722.623, which mandates that school officials report child abuse to the FIA, is applicable only when the abuse is done by a parent, a legal guardian, or any other person responsible for the child's health or welfare.

Affirmed.

CRIMINAL LAW — CHILD PROTECTION LAW — CHILD ABUSE-REPORTING REQUIRE-
    MENTS.

   The Child Protection Law mandates that school officials report to
   the Family Independence Agency incidents of sexual contact with
   or penetration of a child by parents, legal guardians, or other
   persons with responsibility for the health and welfare of a child,
   but does not require school officials to report to the agency
   incidents of sexual contact between two minor children of a school
   (MCL 722.622[e], now MCL 722.622[f]; MCL 722.623).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*,
Solicitor General, and *Gary W. Rapp*, Prosecuting At-
torney, for the people.

*Law Office of Joseph T. Barberi, P.C.* (by *Joseph T.
Barberi*), for the defendant on appeal.

Before: BANDSTRA, P.J., and FITZGERALD and HOEKSTRA,
JJ.

PER CURIAM. Plaintiff appeals by delayed leave
granted from the circuit court order reversing the
district court and dismissing the charges brought under
the Child Protection Law (CPL), MCL 722.621 *et seq.*[1] We
affirm.

FACTS AND PROCEDURAL HISTORY

The facts are not in dispute. Defendants are the
school administrator and the principal of Richardson
Middle School. In April 2002, defendants had reason-
able cause to suspect that sexual contact between a
twelve-year-old boy and a thirteen-year-old girl oc-
curred at the school during school hours. Defendants

---

[1] Although defense counsel filed a cross-appeal, defense counsel with-
drew the cross-appeal on the record during oral arguments in this case.
Thus, the issue raised on cross-appeal will not be addressed.

reported the incident to the children's parents and the police, but did not report the incident to the Family Independence Agency (FIA). Defendants were subsequently charged in district court with a violation of MCL 722.623, which requires certain individuals to report child abuse or neglect to the FIA if reasonable cause to suspect abuse or neglect exists. MCL 722.633 makes the knowing failure to report such suspected activity a criminal misdemeanor. Defendants moved to dismiss the action on the ground that the incident did not constitute a reportable incident of child abuse under MCL 722.622(e) and MCL 722.633 did not require them to report the incident. The district court denied the motion, finding that the incident fell within the definition of child abuse. Defendants appealed that decision to the circuit court, which reversed and then granted defendants' motion to dismiss. The circuit court found that the underlying incident of sexual contact between the two children did not constitute reportable child abuse because the sexual act was not perpetrated by one of the persons listed in MCL 722.622(e).

I

The Child Protection Law requires medical and school personnel, among others, who have "reasonable cause to suspect child abuse or neglect" to immediately report the suspected abuse or neglect to the FIA. MCL 722.623. The issue in this case centers around the definition of "child abuse" found in MCL 722.622(e), as enacted under 2000 PA 45:[2]

---

[2] 2000 PA 45 became effective March 27, 2000, and was the version of the statute in effect at the time of the circuit court's order. MCL 722.622(e) was later amended and redesignated as subsection f. 2002 PA

> "Child Abuse" means harm or threatened harm to a child's health or welfare by a parent, a legal guardian, or any other person responsible for the child's health or welfare, or by a teacher or teacher's aide, that occurs through nonaccidental physical or mental injury; sexual abuse; sexual exploitation; or maltreatment.

Plaintiff contends that § 622(e) should be read as dividing "child abuse" into four separate categories based on the Legislature's placement of the semicolons. Plaintiff asserts that the provision should be read as defining child abuse as:

> (1) harm or threatened harm to a child's health or welfare by a parent, a legal guardian, or any other person responsible for the child's health or welfare, or by a teacher or teacher's aide, that occurs through nonaccidental physical or mental injury;
>
> (2) sexual abuse;
>
> (3) sexual exploitation; or
>
> (4) maltreatment.

Plaintiff claims that the modifiers relating to parent, guardians, teachers, and other adults pertain only to the phrase "nonaccidental physical or mental injury," and that the phrase does not apply to the other terms following those words. Plaintiff supports this argument by pointing to the statute's definition of "sexual abuse," MCL 722.622(r), which "means engaging in sexual contact or penetration as those terms are defined in . . . the Michigan penal code . . . with a child." Plaintiff contends that in any case involving the sexual contact or penetration of a child, there is a duty to report the incident to the FIA.

---

693. For purposes of this opinion, unless otherwise indicated, all statutory references to the CPL will be to the version in effect on March 27, 2000.

Defendants contend that plaintiff's interpretation of § 622(e) ignores universally accepted usage of semicolons and that the semicolons in this case were grammatically intended to be more emphatic commas. Under defendants' interpretation, the provision would read:

> "Child abuse" means harm or threatened harm to a child's health or welfare by a parent, a legal guardian, or any other person responsible for the child's health or welfare, or by a teacher or teacher's aide, that occurs through:
>
> (1) nonaccidental physical or mental injury;
>
> (2) sexual abuse;
>
> (3) sexual exploitation; or
>
> (4) maltreatment.

The interpretation and application of a statute is a question of law that is reviewed de novo. *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998). The primary goal of judicial interpretation of statutes is to ascertain and give effect to the Legislature's intent. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). This Court must give effect to the interpretation that accomplishes the statute's purpose. *People v Adair*, 452 Mich 473, 479-480; 550 NW2d 505 (1996). Statutes are to be construed in their entirety, and provisions must be read in the context of the entire statute so as to produce a harmonious whole. *Macomb Co Prosecutor v Murphy*, 464 Mich 149, 159; 627 NW2d 247 (2001). Furthermore, in interpreting a statute, this Court must consider both the plain meaning of the critical word or phrase as well as its placement and purpose in the statutory scheme. *Sun Valley Foods v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999).

Punctuation is an important factor in determining legislative intent, and the Legislature is presumed to

know the rules of grammar. *Mayor of Lansing v Pub Service Comm*, 257 Mich App 1, 14; 666 NW2d 298 (2003). "Semicolon" is defined as "the punctuation mark (;) used to indicate a major division in a sentence where a more distinct separation is felt between clauses or items on a list than is indicated by a comma, as between the two clauses of a compound sentence." *Random House Webster's College Dictionary* (1997). When elements in a series are particularly complex or when one or more of the elements contains an internal comma, the sentence may be clearer with semicolons instead of commas separating the elements. Garner, *The Redbook* (St. Paul: West Group, 2002), p 11. The provision at issue is ambiguous because both parties' interpretations are reasonable constructions of the punctuation used in the statute. See *People v Warren*, 462 Mich 415, 427; 615 NW2d 691 (2000).

This Court must give effect to the interpretation that accomplishes the statute's purpose. *Adair, supra* at 479-480. The preamble to the CPL states that the purpose of the CPL is, in part, "to require the reporting of child abuse and neglect by certain persons." The statute's definition of "child abuse," which identifies parents and others responsible for a child's health and welfare, reflects the statute's purpose of protecting children in situations where abuse and neglect frequently go unreported, i.e., when perpetrated by family members or others with control over the child. Hence, reports are required to be made to the FIA rather than to the police, which would be the appropriate agency to contact in the case of sexual abuse involving a person without any familial contacts or other authority over the child. Typically, parents, teachers, and others who are responsible for the health and welfare of a child will be the first to report instances of child abuse by unrelated third parties. This act is designed to protect

children when the persons who normally do the reporting are actually the persons responsible for the abuse, and thus unlikely to report it.

For example, the statute repeatedly refers to "[p]erson[s] responsible for the child's health or welfare," and the definition of this term is specifically restricted to persons over eighteen years of age. MCL 722.622(p). "Sexual exploitation" is defined as "allowing, permitting, or encouraging a child to engage in prostitution, or allowing, permitting, encouraging, or engaging in the photographing, filming, or depicting of a child engaged in a listed sexual act as defined in . . . the Michigan penal code . . . ." MCL 722.622(s). Only persons with authority or control over the child could "allow" or "permit" the child to do something, and child prostitution or photographing a child involved in a sexual act is not the sort of conduct children engage in. Moreover, "sexual abuse" is defined as sexual contact or penetration "with *a* child," implying that the other person involved in the contact or penetration is an adult. MCL 722.622(r) (emphasis added). Had the Legislature intended that sexual contact between unrelated children be subject to the reporting requirement, it could have expressly so provided.

Plaintiff relies on this Court's opinion in *People v Pitts*, 216 Mich App 229; 548 NW2d 688 (1996), in which this Court was called on to interpret the child sexually abusive activity statute, MCL 750.145c. The defendant in that case argued that he could not be charged under the criminal statute because the definition of "sexual exploitation" in the Child Protection Law pertained only to adults and others with authority over the child. In the course of rejecting the defendant's argument for other reasons, this Court stated:

> Even if the two [statutes] were read together, the Child Protection Law does not contain the limitation relied upon

by defendant and the trial court. Looking closely at the definition of child abuse [in the Child Protection Law], we note that semicolons separate sexual abuse and sexual exploitation from the rest of the definition. Therefore, child abuse encompasses sexual exploitation, regardless of whether it is engaged in or caused by someone responsible for the care of the child. [*Pitts, supra* at 234.]

Plaintiff in this case argues that the same reasoning applies to "sexual abuse." However, this portion of *Pitts* was obiter dictum because it was not essential to the decision and the Court never fully considered the entire definition of "child abuse" in the Child Protection Law. *Pitts* simply held that the definition of "child abuse" in the Child Protection Law has no bearing on the meaning of the term when used in the child sexually abusive activity statute. *Id.*

Accepting plaintiff's argument that the phrase relating to adults pertains only to the first part of the sentence would lead to an absurd result, in part because of the term "maltreatment." Under plaintiff's construction of the statute, every time a bully pushed another child down on the playground or extorted lunch money, school officials would have to report the incident to the FIA. Because "child" is defined as any person under eighteen years of age, MCL 722.622(d), plaintiff also admits that his construction of the statute would require that all sexual contact involving persons under eighteen be reported to the FIA, despite the fact that the statutes relating to criminal sexual conduct do not include children over the age of sixteen. This requirement would necessarily include consensual sexual contact between married persons under eighteen, since there is no exception for married "children" in the statute. Consensual sexual contact between married persons is not child abuse under the commonly understood meaning of the term.

In sum, we conclude that under 2000 PA 45, MCL 722.622(e), the definition of "child abuse" means that mandated reporters are only required to report child abuse—which includes nonaccidental physical or mental injury, sexual abuse, sexual exploitation, or maltreatment—when the suspected perpetrator is a parent, legal guardian, teacher, teacher's aide, or other person responsible for the child's health and welfare.[3]

Affirmed.

---

[3] We note that 2000 PA 45, MCL 722.622(e), was amended in the midst of the present case by 2002 PA 693, MCL 722.622(f), which now clarifies that the physical or mental injury, sexual abuse or exploitations, or maltreatment must be committed by one of the enumerated persons—not just any person—in order to be a mandatory reportable incident acted under the CPL:

"Child abuse" means harm or threatened harm to a child's health or welfare that occurs through nonaccidental physical or mental injury, sexual abuse, sexual exploitation, or maltreatment, by a parent, a legal guardian, or any other person responsible for the child's health or welfare or by a teacher, a teacher's aide, or a member of the clergy.