# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

HASSAN ADEL MOHSEN,

        Defendant-Appellant.

UNPUBLISHED
February 19, 2015

No. 318769
Wayne Circuit Court
LC No. 13-000949-FH

Before: CAVANAGH, P.J., and METER and SHAPIRO, JJ.

PER CURIAM.

Defendant was convicted by a jury of third-degree fleeing and eluding, MCL 257.602a(3)(b), and obstructing a police officer, MCL 750.81d(1). Defendant was sentenced to two years' probation. Defendant now appeals as of right. We affirm, but remand this case for the ministerial task of correcting clerical errors as discussed herein.

First, defendant argues that the trial court committed plain error by citing MCL 257.602a(3)(a) on defendant's order of probation under count one, third-degree fleeing and eluding, instead of citing MCL 257.602a(3)(b), and that the same error was made on defendant's "claim of appeal and order appointing counsel" form.

Because defendant failed to properly preserve the issue, this Court reviews this issue for plain error affecting substantial rights. See *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004). In order to establish a plain error affecting substantial rights, defendant must establish that (1) an error occurred, (2) the error was plain, and (3) the plain error affected his substantial rights, meaning that the outcome of the proceedings was affected. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. (internal citation and quotation marks omitted).

The trial court committed a clerical error by citing the incorrect subsection on defendant's order of probation and on the form relating to the claim of appeal and appointed counsel. MCL 257.602a(3)(a) would have required the jury to find that defendant's actions resulted in a collision or accident. The prosecution never alleged that defendant caused a collision or accident, and the evidence does not support that he did. The felony information alleged that defendant "attempt[ed] to flee or elude the officer in an area where the speed limit

-1-

was 35 miles per hour or less . . . ." Therefore, defendant is correct that a plain error occurred and that MCL 257.602a(3)(b) was the pertinent subsection.

Nonetheless, this plain error was clerical and not prejudicial to defendant. See, e.g., *People v Whittaker*, 465 Mich 422, 427; 635 NW2d 687 (2001) (error is not outcome-determinative unless it undermines the reliability of the verdict). The possible punishment for a conviction under both subsections (3)(a) and (3)(b) is the same. Defendant has identified no harm he has suffered because of this error. Although this Court need not grant defendant's requested relief, we have the authority to remand this case to the trial court and order it to modify the documents in question. See MCR 6.435(A) ("[c]lerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party, and after notice if the court orders it") and MCR 7.216(A)(7) (Court of Appeals may "enter any judgment or order or grant further or different relief as the case may require"). Therefore, we remand for citations to the proper subsection of the statute.

Second, defendant argues that he was entitled to a directed verdict on the fleeing-and-eluding charge because the prosecution did not prove, as a matter of law, that a portion of the violation occurred in an area where the speed limit is 35 miles an hour or less. Defendant argues that the plain language of the fleeing and eluding statute "shows that the speed limit element is not a question of fact, but one of law," and the prosecution was required to present "the actual speed limit." Defendant argues, then, that the trial court was incorrect when it ruled that the speed-limit element was a question of fact for the jury. We disagree.

This Court reviews de novo a trial court's decision regarding a motion for a directed verdict. *People v Martin*, 271 Mich App 280, 319; 721 NW2d 815 (2006). It construes the evidence in the light most favorable to the prosecution in determining if a rational trier of fact could have concluded that the essential elements of the crime were proven beyond a reasonable doubt. *Id*. at 319-320. To the extent that defendant is arguing that the trial court's denial of his motion for a directed verdict resulted from an improper interpretation of the fleeing-and-eluding statute, this statutory interpretation argument is reviewed de novo. *People v Hartuniewicz*, 294 Mich App 237, 241; 816 NW2d 442 (2011).

MCL 257.602a(1) and (3) indicate that to convict a defendant of fleeing and eluding in the third degree, the prosecution must prove that: (1) the police officer was in uniform, performing his lawful duties, and operating an official identified car; (2) the defendant was driving a motor vehicle; (3) the officer ordered the defendant to stop his vehicle; (4) the defendant knew of the officer's order or signal to stop his vehicle; (5) the defendant refused to obey that order by trying to flee or avoid being caught; and (6) an aggravating condition as outlined in MCL 257.602a(3) existed. In this case, the alleged aggravating condition was that some portion of the violation took place in an area where the speed limit was 35 miles an hour or less. MCL 257.602a(3)(b). Defendant only challenges the sixth element.

When interpreting a statute, this Court's goal is "to ascertain and give effect to the intent of the Legislature." *People v Koonce*, 466 Mich 515, 518; 648 NW2d 153 (2002). This Court reviews the plain language of the statute, and if it is clear, then no further construction of the statute may be done to expand on the Legislature's intent. *Id*. When "interpreting a statute, this

Court must consider both the plain meaning of the critical word or phrase as well as its placement and purpose in the statutory scheme." *People v Beardsley*, 263 Mich App 408, 412; 688 NW2d 304 (2004). This includes punctuation, which is an "important factor in determining legislative intent, and the Legislature is presumed to know the rules of grammar." *Id*. at 412-413.

Defendant's interpretation of the statute is incorrect. MCL 257.602a(3)(b) states, "[a] portion of the violation occurred in an area where the speed limit is 35 miles an hour or less, whether that speed limit is posted or imposed as a matter of law." Defendant has argued as if there is an additional comma in this statute where there is none, reading the subsection as: ". . . whether that speed limit is posted or imposed[,] as a matter of law." A comma "indicate[s] a division in a sentence, as in setting off a word, phrase or clause . . . ." *Random House Webster's College Dictionary* (1997). Defendant argues that the "as a matter of law" phrase applies to the entirety of the subsection, but it does not. Instead, the phrase "as a matter of law" clearly applies to the issue of how the speed limit is known to the public. In other words, either the speed limit is posted or it is imposed as a matter of law. For example, the speed limit in a public park, unless a different speed limit is posted, is 25 miles an hour as a matter of law. MCL 257.627(2)(b). The Legislature did not intend that the prosecution *show this element as a matter of law*. Accordingly, the entire basis of defendant's appellate argument (that "the speed limit is not a question of fact, but of law") is faulty and he is not entitled to relief.

At any rate, we note that Deputy David Loftis, one of the officers who initiated the stop of defendant, testified that although he could not be "a hundred percent sure," he believed the speed limit on Hubbell, where defendant was stopped, is 30 miles an hour. Loftis's partner on the day of the incident, Corporal Edward Payne, testified at one point that he did not know "for sure" what the speed limit was, but he also stated, "I think the speed limit on Hubbell is 30 or 35," after the prosecutor asked him if he was "in an area where the speed limit is less than 35 miles an hour." Viewed in the light most favorable to the prosecution, the officers' testimony was sufficient for the jury to infer that the speed limit on Hubbell was either 35 miles an hour or 30 miles an hour. We note that the standard of "beyond a reasonable doubt" does not require 100 percent certainty. See, generally, *People v Bowman*, 254 Mich App 142, 150; 656 NW2d 835 (2002).

Affirmed, but remanded for the correction of clerical errors. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Patrick M. Meter