# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* THOMAS JAMES GILBERT, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

THOMAS JAMES GILBERT,

        Respondent-Appellant.

UNPUBLISHED
June 29, 2017

No. 333297
Sanilac Circuit Court
Family Division
LC No. 15-035944-DL

---

Before: SAWYER, P.J., and SERVITTO and RIORDAN, JJ.

PER CURIAM.

In this delinquency proceeding, respondent appeals as of right his jury trial convictions of making a false report or threat of terrorism, MCL 750.543m, and disturbing the peace, MCL 750.170. The trial court placed him on probation, released him to the custody of his parents, ordered him to perform 20 hours of community service, and sentenced him to 10 days in juvenile detention (held in abeyance). We affirm.

Respondent was accused of communicating threats that he intended to bring a gun to school and kill certain classmates and then himself. Students at respondent's school reported the threats to members of the faculty and administration. Respondent was brought to the principal's office where his parents were called to pick him up. The rest of the student body was dismissed for the day. After speaking with police, respondent was charged in the instant matter.

Respondent argues on appeal that his convictions are not supported by sufficient evidence. We review this claim de novo. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002).

As in criminal proceedings, the standard of proof in a delinquency proceeding is proof beyond a reasonable doubt. MCR 3.942(C); *In re Weiss*, 224 Mich App 37, 42; 568 NW2d 336 (1997). "[W]hen determining whether sufficient evidence has been presented to sustain a conviction, a court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Wolfe*, 440 Mich 508, 515-516; 489

-1-

NW2d 748, amended on other grounds 441 Mich 1201 (1992). "[C]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Allen*, 201 Mich App 98, 100; 505 NW2d 869 (1993).

MCL 750.543m provides as follows:

> (1) A person is guilty of making a terrorist threat or of making a false report of terrorism if the person does either of the following:
>
> (a) Threatens to commit an act of terrorism and communicates the threat to any other person.
>
> (b) Knowingly makes a false report of an act of terrorism and communicates the false report to any other person, knowing the report is false.
>
> (2) It is not a defense to a prosecution under this section that defendant did not have the intent or capability of committing the act of terrorism.

The phrase "act of terrorism" refers to "a willful and deliberate act that" (a) "would be a violent felony under the laws of this state, whether or not committed in this state," (b) the actor "knows or has a reason to know is dangerous to human life," and (C) "is intended to intimidate or coerce a civilian population or influence or affect the conduct of government or a unit of government through intimidation or coercion." MCL 750.543b(a).

Respondent contends that petitioner presented insufficient evidence to convict him of threatening an act of terrorism because "bringing a gun to school" does not constitute a violent felony, MCL 750.543b(a)(*i*). However, petitioner never claimed that this alone constituted an act of terrorism. Rather, petitioner argued that respondent threatened an act of terrorism by stating to classmates he was going to bring a gun to school to shoot other students and himself.

Respondent spoke of doing a willful and deliberate act which, if successful, would be a violent felony (however it was charged). And, there can be no disagreement that utilizing a gun to kill others is an act respondent knows is dangerous to human life. Furthermore, testimony suggested that respondent threatened a specific group of students who had been bullying him. This suggests that the act is intended to intimidate a particular subset of the relevant civilian population, i.e., the student body.

Respondent argues that he was not threatening to commit an act of terrorism and was not, in fact, threatening anyone. Rather, he was simply reporting that he was again feeling like he did in eighth grade. However, the police officer investigating the matter testified that respondent explained to him that when respondent was in the eighth grade, he "felt like he was going to bring a gun to school" to kill others and himself. One of respondent's classmates also testified that respondent told her he was feeling again like he had previously and that this involved taking a gun to school and shooting up the school. While other witnesses testified that respondent did not threaten them, to credit respondent's argument that conflicting evidence necessarily means that a conviction may not be had is to invade the province of the jury to judge the facts, weigh the evidence, and determine the credibility of the witnesses. *People v Hardiman*. 466 Mich 417, 431; 646 NW2d 158 (2002)(quotation omitted). Thus, it was for the jury to consider the

sometimes conflicting testimony about the immediacy of the threats and reach a conclusion on the issue. Sufficient evidence existed to find respondent guilty of violating MCL 750.543m.

There was also sufficient evidence presented to support respondent's conviction under MCL 750.170, which provides as follows:

> Any person who shall make or excite any disturbance or contention in any tavern, store, or grocery, manufacturing establishment or any other business place or in any street, lane, alley, highway, public building, grounds or park, or at any election or other public meeting where citizens are peaceably and lawfully assembled, shall be guilty of a misdemeanor.[1]

A "disturbance" is "[a]n act causing annoyance or disquiet, or interfering with a person's pursuit of a lawful occupation or the peace and order of a neighborhood, community, or meeting." *Black's Law Dictionary* (10th ed); see also *People v Weinberg*, 6 Mich App 345, 351; 149 NW2d 248 (1967) (defining disturbance as "an interruption of peace and quiet; a violation of public order and decorum; or an interference with or hindrance of one in pursuit of his lawful right or occupation").

The evidence shows that respondent created a disturbance in the school community and that students aware of the threats reported being "uncomfortable," "fearful," and "concerned." Respondent thus generated a level of disquiet in the school population with his repeated threats of violence that eventually resulted in multiple students reporting their concerns to a teacher or a school administrator. This evidence shows that general order of the school was upset.

Affirmed.

/s/ David H. Sawyer
/s/ Deborah A. Servitto
/s/ Michael J. Riordan

---

[1] While *People v Vandenberg*, 307 Mich App 57, 66; 859 NW2d 229 (2014), determined that MCL 750.170 use of the phrase "exciting a contention" is unconstitutionally overbroad because it "unconstitutionally infringes protected speech by criminalizing the peaceable public expression of ideas, merely because those ideas might be offensive to others," petitioner argued throughout trial that respondent was guilty of "exciting a disturbance" and thus the constitutional validity of the conviction is not at issue.