PEOPLE v CROOK

Docket No. 60183. Submitted January 5, 1983, at Grand Rapids.— Decided February 24, 1983.

Everin J. Crook pled guilty in Detroit Recorder's Court to a charge of breaking and entering a business place with intent to commit larceny and was sentenced to five years probation in accordance with a plea agreement, Geraldine B. Ford, J. Seven months later, defendant pled guilty to probation violation and was sentenced to imprisonment for six years, eight months to ten years. He appeals. *Held:*

1. Defendant's argument that his sentence for probation violation violated the original sentence bargain is rejected. The original sentence bargain had been carried out. A defendant cannot rely on a sentence bargain in deciding whether to violate probation.

2. The case is remanded to the trial court for resentencing because defendant was sentenced for probation violation without the benefit of an updated presentence report. On remand, defendant shall be resentenced before a different judge, who shall use a reasonably updated presentence report.

Remanded.

1. CRIMINAL LAW — GUILTY PLEAS — SENTENCING.

A defendant who relies on the prosecutor's ability to deliver a bargained-for sentence in deciding to plead guilty must be permitted to withdraw his plea if a court declines to approve a sentence bargain or to carry out a sentence recommendation.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 504.

Right to withdraw guilty plea in state criminal proceedings where court refuses to grant concession contemplated by plea bargain. 66 ALR3d 902.

[2] 21 Am Jur 2d, Criminal Law § 578.

Propriety, in imposing sentence for original offense after revocation of probation, of considering acts because of which probation was revoked. 65 ALR3d 1100.

[3] 73 Am Jur 2d, Statutes §§ 155, 249 *et seq.,* 258, 275.

[4] 21 Am Jur 2d, Criminal Law §§ 527, 528.

2. CRIMINAL LAW — SENTENCING — VIOLATION OF PROBATION.

    A defendant may rely on a sentence bargain in deciding to plead guilty but he is not entitled to rely on being sentenced to that original sentence after being found guilty of probation violation in connection with the original sentence.

3. STATUTES — JUDICIAL CONSTRUCTION.

    The court has the duty, where the language employed in a statute is ambiguous or unclear, to construe the language so as to effectuate the evident purpose of the legislation.

4. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS.

    The rule which requires the use of an updated presentence report upon resentencing for a felony conviction applies equally to sentencing after revocation of probation.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Oliver C. Nelson* and *Margaret A. Nelson,* for defendant on appeal.

Before: MACKENZIE, P.J., and R. B. BURNS and E. A. QUINNELL,* JJ.

PER CURIAM. On October 15, 1980, defendant pled guilty to breaking and entering a business place with intent to commit larceny, MCL 750.110; MSA 28.305. Defendant's plea was induced by a sentence bargain under which defendant was to be sentenced to imprisonment for no more than three to ten years. Defendant was sentenced to probation for a period of five years. On May 14, 1981, defendant pled guilty to probation violation. Defendant was sentenced to imprisonment for six

---

* Circuit judge, sitting on the Court of Appeals by assignment.

years, eight months to ten years and appeals by right.

Defendant argues that his sentence for probation violation violated the original sentence bargain. Sentence bargaining was recently clarified in *People v Killebrew,* 416 Mich 189; 330 NW2d 834 (1982). The Court emphasized that defendants rely on the prosecutor's ability to deliver a bargained-for sentence in deciding to plead guilty and held that a defendant must be permitted to withdraw his plea if the court declines to approve a sentence bargain or to carry out a sentence recommendation. Here, however, the original sentence bargain had been carried out. A five-year term of probation is a lesser sentence than three to ten years in prison, even though the probation sentence carries with it the possibility that further misconduct by defendant will result in additional punishment. A defendant may rely on a sentence bargain in deciding to plead guilty, but a defendant cannot rely on a sentence bargain in deciding whether to violate probation.

Defendant relies on MCL 771.4; MSA 28.1134, which provides in part:

> "In case such probation order is terminated or revoked the court may proceed to sentence such probationer in the same manner and to the same penalty as it might have done if such probation order had never been made."

The statute does not expressly refer to sentence bargaining. Where the language employed in a statute is ambiguous or unclear, the duty of the court is to construe the language so as to effectuate the evident purpose of the legislation. *Grand Rapids Motor Coach Co v Public Service Comm,* 323 Mich 624, 635; 36 NW2d 299 (1949). We do not

believe the Legislature intended this provision to preserve the original sentence bargain for a defendant who subsequently violated probation. Such a statutory scheme would lead to absurd results. For example, a defendant who pled guilty in return for a bargained-for sentence of probation would be immune from punishment for probation violation. We construe the statute to require merely that the sentence for probation violation falls within the statutory limits for sentencing for the original crime.

The record shows that no updated presentence report was prepared for defendant's sentencing for probation violation and that the sentencing judge relied on the report prepared for the original sentencing. A reasonably updated presentence report is required if a defendant is resentenced. *People v Triplett,* 407 Mich 510; 287 NW2d 165 (1980). The same rule applies to sentencing after revocation of probation. *People v Bruce,* 102 Mich App 573, 580; 302 NW2d 238 (1980). Here, when defendant exercised his right of allocution, he suggested various changed circumstances, including his acquisition of a family and his reformation from drug use. Defendant's failure to comply with the terms of probation imposed after the original report suggests changed circumstances of a type less favorable to defendant. The prosecution argues that the original presentence report was sufficiently updated because it was only five months old at the time of the sentencing for probation violation. We need not decide whether presentence reports of such an age are inherently defective; the record here contains sufficient allegations of changed circumstances that we can say that at least the report at issue here was not reasonably updated.

On remand, defendant shall be resentenced before a different judge, who shall use a reasonably updated presentence report. *People v Triplett, supra,* p 516.

Remanded for resentencing in accordance with this opinion. We retain no jurisdiction.