# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CRYSTALANN MARIE BOWERS,

Defendant-Appellant.

UNPUBLISHED
January 5, 2016

No. 323325
Monroe Circuit Court
LC No. 13-040720-FH

Before: JANSEN, P.J., and CAVANAGH and GLEICHER, JJ.

PER CURIAM.

Defendant appeals by leave granted her departure sentence for her plea-based conviction of involuntary manslaughter, MCL 750.321. The minimum range recommended by the sentencing guidelines was 19 months to 38 months, but defendant was sentenced to 71 months to 15 years' imprisonment. We affirm, but remand for further sentencing proceedings consistent with this opinion.

On February 5, 2013, defendant arrived at a motel with her boyfriend Bradley Ravary and the victim, Thayer Stump Jr. Over the next three days, the group stayed in their motel room consuming crystal methamphetamine. On the evening of February 7, 2013, Stump told defendant and Ravary that he had not slept since they arrived at the motel because of his methamphetamine use and was tired. Stump asked defendant to purchase heroin which would bring down his high and help him sleep. Defendant left the room, purchased heroin, and then returned to their room.

At approximately 11:00 p.m., Stump was injected with the heroin and almost immediately told defendant and Ravary that he was tired and fell asleep. Defendant and Ravary heard Stump begin to snore and also heard a period of labored breathing. Defendant or Ravary then threw a pillow in Stump's direction to quiet him down. Ravary testified that at 2:30 a.m. he became concerned when he noticed that Stump had stopped snoring. He then observed that Stump had stopped breathing, splashed ice water on his face trying to wake him, and called 911. During this time, defendant cleaned up the drug paraphernalia in their room. Stump was eventually declared dead at the motel.

Defendant argues that the trial court abused its discretion in departing upward from the minimum sentencing guidelines range of 19 to 38 months' imprisonment because the articulated reasons for the departure sentence were not substantial and compelling. We need not review

-1-

defendant's argument because the requirement that a trial court justify a departure sentence with a substantial and compelling reason was struck down in *People v Lockridge*, 498 Mich 358, 391; 870 NW2d 502 (2015).  See *People v Steanhouse*, ___ Mich App ___; ___ NW2d ___ (Docket No. 318329, issued October 22, 2015); slip op at 21 n 14.  A departure sentence is now reviewed for reasonableness.  *Lockridge*, 498 Mich at 392.

A reasonable sentence under *Lockridge* is a sentence that fulfills the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990) and its progeny.  *Steanhouse*, ___ Mich App at ___; slip op at 24.  That is, a sentence must be "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Milbourn*, 435 Mich at 636.  The *Milbourn* Court held that "departures are appropriate where the guidelines do not adequately account for important factors legitimately considered at sentencing," *id*. at 657, but the extent of the departure must also satisfy the principle of proportionality, *id*. at 660.  Factors that have been considered under the proportionality standard include (1) the seriousness of the offense, (2) factors not considered by the guidelines, including the relationship between the victim and the defendant, the defendant's conduct while in custody, expressions of remorse, as well as the defendant's rehabilitation potential, and (3) factors that were inadequately considered by the guidelines in a particular case.  *Steanhouse*, ___ Mich App at ___; slip op at 24.

At the time of defendant's sentencing, neither *Lockridge* nor *Steanhouse* had been decided so "the trial court was unaware of and not expressly bound by a reasonableness standard rooted in the *Milbourn* principle of proportionality at the time of sentencing."  *Steanhouse*, ___ Mich App at ___; slip op at 25.  The appropriate remedy is to remand this matter to the trial court for a hearing under *United States v Crosby*, 397 F3d 103 (CA 2, 2005), as discussed in *Steanhouse*, ___ Mich App at ___; slip op at 25, and explained in *Lockridge*, 498 Mich at 395-399.  "[T]he purpose of a *Crosby* remand is to determine what effect *Lockridge* would have on the defendant's sentence, so that it may be determined whether any prejudice resulted from the error."  *People v Stokes*, ___ Mich App ___; ___ NW2d ___ (Docket No. 321303, issued September 8, 2015); slip op at 11.  Under the new reasonableness standard, resentencing could result in defendant receiving a more severe sentence; thus, she must have an opportunity to avoid resentencing by promptly notifying the trial court that resentencing will not be sought.  *Id*.; slip op at 11-12.  "If 'notification is not received in a timely manner,' the trial court shall continue with the *Crosby* remand procedure as explained in *Lockridge*."  *Id*.; slip op at 12, quoting *Lockridge*, 498 Mich at 398.

Defendant also argues that, if her request for resentencing is granted, resentencing should be before a different judge.  In support of her argument, defendant relies on *People v Evans*, 156 Mich App 68; 401 NW2d 312 (1986), which set forth the following three-part test:

> (1) whether the original trial judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.  [*Id*. at 72 (citation omitted)].

Defendant claims that the sentencing judge's brief comment regarding "bad press" for a sentence issued in a different case, as well as comments about "a demonstration against heroin and [that] heroin was a large community problem," entitled her to resentencing before a different judge to preserve the appearance of justice. Defendant also argues that these comments demonstrate that the trial judge was "not an unbiased or impartial decisionmaker" and, thus, the trial judge should be disqualified under MCR 2.003(C)(1)(a). We disagree.

First, resentencing is required in this case because of the post-sentencing decisions in *Lockridge* and *Steanhouse*, not because the trial court's sentence was erroneous; thus, the first part of the *Evans'* test is not met. Second, we have reviewed the trial court's comments in context and they give us no cause for concern that its sentencing decision was based on inappropriate considerations. In fact, the court discussed at length the requirement that sentences be individualized and proportionate, noting that: "The relevancy of proportionality is obvious; as in any civilized society, punishment should be made to fit the crime and the criminal." Third, for disqualification to be warranted under MCR 2.003(C)(1)(a), the trial judge must be shown to be personally and actually biased or prejudiced for or against a party. See *Cain v Mich Dep't of Corrections*, 451 Mich 470, 495-496; 548 NW2d 210 (1996). The challenged comments here do not demonstrate that the trial judge was actually and personally biased against defendant, and there is no indication that the sentence imposed was the product of any such bias or prejudice. Again, the trial judge made it clear that the sentence imposed was based on the circumstances surrounding the offense and the offender. Accordingly, defendant's request that resentencing occur before a different judge is denied.

We affirm, but remand for further sentencing proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Elizabeth L. Gleicher