# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellant,

V

LYMANCE ENGLISH,

   Defendant-Appellee.

FOR PUBLICATION
October 27, 2016
9:05 a.m.

No. 330389
Oakland Circuit Court
LC No. 2014-250982-FH

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellant,

V

BRANDON RENAR SMITH,

   Defendant-Appellee.

No. 330390
Oakland Circuit Court
LC No. 2015-255117-FH

Before: WILDER, P.J., and MURPHY and O'CONNELL, JJ.

WILDER, P.J.

In these consolidated cases, the prosecution appeals by leave granted[1] from the trial court's dismissal of charges against defendants under MCL 333.7410(3) for possessing with intent to deliver drugs on or within 1,000 feet of school property. Based on its interpretation of MCL 333.7410(3), the trial court dismissed the charges against defendants. The trial court reasoned that, although the prosecution presented evidence to establish that defendants were arrested within 1,000 feet of school property while in possession of drugs, the prosecution failed to demonstrate that defendants intended to deliver those drugs to a person on or within 1,000 feet of school property. We conclude that the trial court properly construed MCL 333.7410(3) in accord with the plain meaning of the statutory language, as demonstrated by its grammatical context, and we therefore affirm.

---

[1] *People v English*, 499 Mich 872 (2016); *People v Smith*, 499 Mich 873 (2016).

-1-

## I.  FACTUAL BACKGROUND

During a drug raid at the home of defendant English, the police discovered about 14 grams of cocaine, marijuana, a digital scale, sandwich bags, and a handgun.  Officers determined that English's property was within 1,000 feet of a high school.  As a result, the charges against English included one count of possessing with the intent to deliver less than 50 grams of cocaine within a school zone under § 7410(3).

Similarly, during a drug raid on the apartment and car of defendant Smith, the police discovered 2.2 grams of heroin, baggies, a digital scale, rubber gloves, and a handgun.  The officers determined that, at the time of the raid, Smith's heroin was within 1,000 feet of a high school.  Thus, the charges against Smith included one count of possessing with the intent to deliver less than 50 grams of heroin within a school zone under § 7410(3).

Following their respective preliminary hearings, English and Smith filed motions in the trial court to dismiss the charges under § 7410(3).  Both defendants contended that the statute required the prosecution to show that they intended to deliver the drugs within the school zone.  Defendants further contended that there was no such evidence.  Thus, defendants argued, the trial court was required to dismiss the charges against defendants under § 7410(3).  In both cases, the trial court agreed and dismissed the charges under § 7410(3).

The instant prosecutorial appeals ensued.

## II.  ANALYSIS

We review de novo the interpretation and application of statutes.  *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006).  Among other things, the Public Health Code, MCL 333.1101 *et seq.*, criminalizes a wide range of conduct involving controlled substances.  The provision at issue here is § 7410(3), which provides, in pertinent part,

> An individual 18 years of age or over who violates section 7401(2)(a)(*iv*)[2] *by possessing with intent to deliver to another person on or within 1,000 feet of school property or a library a controlled substance* . . . shall be punished . . . by a term of imprisonment of not less than 2 years or more than twice that authorized by section 7401(2)(a)(*iv*)[.]  [Emphasis added.]

On appeal, the parties offer three distinct interpretations of the above language.  The prosecution argues that § 7410(3) is ambiguous and should be construed such that the phrase "on or within 1,000 feet of school property" modifies the phrase "possessing with intent to deliver[.]"  Put differently, under the prosecution's interpretation, a defendant who *possesses* drugs in a school zone need not intend to *deliver* those drugs on school property or within 1,000 feet of a school to face an enhanced penalty under § 7410(3).  By contrast, although defendant English agrees that §

---

[2] MCL 333.7401(2)(a)(*iv*) regards "possess[ing] with intent to . . . deliver" less than 50 grams of a controlled substance that is a narcotic drug.

7410(3) is ambiguous, he contends that the phrase "on or within 1,000 feet of a school" should be interpreted as modifying the phrase "to another person[.]" Under English's proffered interpretation, a defendant who possesses a controlled substance is not subject to an enhanced penalty unless he or she intended to deliver the controlled substance to a person on or within 1,000 feet of school property. On the other hand, defendant Smith argues that § 7410(3) is *un*ambiguous and that the plain statutory meaning requires the prosecution to show that the defendant intended to deliver a controlled substance to another person on school property or within a school zone. Under the interpretation argued by Smith, a defendant is subject to an enhanced penalty under § 7410(3) only if that defendant intended to deliver a controlled substance to a "person on or within 1,000 feet of school property or a library." We conclude that the interpretation of the statute asserted by Smith is correct.[3]

Our conclusion hinges on the grammatical context of § 7410(3) and the application of the "last antecedent" rule.

> Our primary purpose in construing statutes is to discern and give effect to the Legislature's intent. We begin by examining the plain language of the statute; where that language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written. [*Williams*, 475 Mich at 250 (quotation marks and citation omitted).]

"A statutory provision is ambiguous only if it irreconcilably conflicts with another provision, or when it is equally susceptible to more than a single meaning." *People v Fawaz*, 299 Mich App 55, 63; 829 NW2d 259 (2012) (quotation marks and citation omitted). The Legislature is presumed to know the rules of grammar, *People v Henderson*, 282 Mich App 307, 329; 765 NW2d 619 (2009), and thus "statutory language must be read and understood in its grammatical context," *People v Houthoofd*, 487 Mich 568, 580-581; 790 NW2d 315 (2010). See also *People v Beardsley*, 263 Mich App 408, 412-413; 688 NW2d 304 (2004) ("Punctuation is an important factor in determining legislative intent, and the Legislature is presumed to know the rules of grammar."); *In re MKK*, 286 Mich App 546, 556; 781 NW2d 132 (2009) ("The Legislature is presumed to be familiar with the rules of statutory construction and, when promulgating new laws, to be aware of the consequences of its use or omission of statutory language"). Under the last antecedent rule, "a modifying or restrictive word or clause contained in a statute is confined *solely* to the immediately preceding clause or last antecedent, unless something in the statute requires a different interpretation." *Stanton v City of Battle Creek*, 466 Mich 611, 616; 647 NW2d 508 (2002) (emphasis added), citing *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999) ("It is a general rule of grammar and of statutory construction that a modifying word or clause is confined solely to the last antecedent, unless a contrary intention appears.").

---

[3] Having agreed with defendant Smith that § 7410(3) is unambiguous, we need not consider his alternative argument that, were we to reach the opposite conclusion, we should declare § 7410(3) to be void as unconstitutionally vague.

Absent application of the last antecedent rule, § 7410(3) does appear equally susceptible to more than one reasonable interpretation and, therefore, ambiguous. Such *potential* ambiguities in statutory language are, however, precisely what the last antecedent rule is used to clarify. The "on or within 1,000 feet" phrase in § 7410(3) is both modifying and restrictive, and its "last" antecedent—i.e., "the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence," 2A Singer & Singer, Sutherland Statutory Construction (7th ed), § 47:33, pp 494-497—is the word "person[.]" Thus, unless something in the statute "requires" a different interpretation, *Stanton*, 466 Mich at 616, it should be presumed that the Legislature intended the phrase "on or within 1,000 feet of school property or a library" to modify the word "person[.]" Under that construction, § 7410(3) is rendered unambiguous; it imposes criminal liability only if an offender specifically intended to deliver a controlled substance to a "person on or within 1,000 feet of school property or a library[.]"

Notwithstanding the last antecedent rule, the prosecution argues that the above construction is contrary to apparent legislative intent. We disagree. We see nothing in the plain language of § 7410 itself that would require us to disregard the last antecedent rule in this case. Our construction of § 7410(3) under the last antecedent rule is consistent with the remainder of § 7410. Indeed, arguably at least, it is the prosecution's proposed interpretation that would do violence to the apparent legislative intent underlying § 7410(3). As was acknowledged by the prosecution during oral argument, under its interpretation, a drug dealer intending to deliver drugs to a drug house miles away from a school, but who happens to be arrested within 1,000 feet of school property while on his way to the drug house, faces the enhanced penalty of § 7410(3), whereas an enhanced penalty under § 7410(3) is impermissible for a drug dealer who *actually intends to deliver drugs to children on school property* but is arrested 1,010 feet from school property—in other words, just outside of the prohibited zone. In our judgment, such a result is inconsistent with the legislative intent expressed by the entirety of § 7410 and the other pertinent sections of the Public Health Code.

Similarly, the dissent compares § 7410(3) and § 7410a(1)(b), another section of the Public Health Code, and reasons that our construction is contrary to apparent legislative intent. The dissent finds it significant that § 7410a(1)(b) uses the phrase "who is in a public park or private park" to describe the individual to whom an offender intends to deliver a controlled substance, whereas § 7410(3) contains no such limiting language, because generally, when the Legislature includes language in a related statute that it omits in another, we assume that the omission was intentional. The dissent concludes that the language in 7410a(1)(b) militates against reading § 7410(3) as requiring the defendant's intended deliveree to be on or within 1,000 feet of school property because, had the Legislature wished such an interpretation, § 7410a(1)(b) demonstrates that the Legislature clearly knew how to indicate it.

However, the rule of construction upon which the dissent relies is only applicable when the "related statute" is a prior enactment. As discussed in 2B Singer & Singer, Sutherland Statutory Construction (7th ed), § 51:2, pp 212-213, "Generally . . . courts presume a different intent when a legislature omits words used in a *prior* statute on a similar subject." (Emphasis added; footnote omitted.) See also *People v Watkins*, 491 Mich 450, 482; 818 NW2d 296 (2012) ("It is one thing to infer legislative intent through silence in a simultaneous or subsequent enactment, but quite another to infer legislative intent through silence in an earlier enactment, which is only 'silent' by virtue of the subsequent enactment."). The phrase "on or within 1,000

feet of school property or a library" in § 7410(3) has not changed since 1994. See 174 PA 1994. Contrastingly, § 7410a(1)(b) was added by 261 PA 1998. Thus, § 7410a(1)(b) cannot be rationally utilized as a means of discerning the legislative intent underlying the phrase "on or within 1,000 feet" as used in § 7410(3). When amending § 7410(3) to include such language, the Legislature did not "omit" language it had previously used in § 7410a(1)(b); the latter provision did not exist at that time.

In conclusion, because the last antecedent rule renders § 7410(3) unambiguous, we rely on the plain meaning of the statutory language here and need not resort to less precise methods of reading "the tea leaves of legislative intent."[4] As the trial court did, we construe § 7410(3) as requiring proof that the defendant specifically intended to deliver a controlled substance to a "person on or within 1,000 feet of school property or a library[.]" In the cases now before us, it is undisputed that such evidence was lacking. Thus, we affirm.

/s/ Kurtis T. Wilder

---

[4] See *People v Maynor*, 256 Mich App 238, 261; 662 NW2d 468 (2003) (WHITBECK, C.J., concurring).