# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DOUGLAS PAUL GUFFEY,

Defendant-Appellant.

UNPUBLISHED
February 28, 2017

No. 329869
Genesee Circuit Court
LC No. 12-031509-FC

Before: STEPHENS, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

In 2013, a jury convicted defendant of three counts of first-degree criminal sexual conduct, MCL 750.520b(1)(b)(*iii*); two counts of second-degree CSC, MCL 750.520c(1)(b)(*iii*); and two counts of fourth-degree CSC, MCL 750.520e(1)(b). The trial court sentenced defendant to concurrent prison terms of 192 to 360 months for each first-degree CSC conviction, 60 to 180 months for each second-degree CSC conviction, and 361 days for each fourth-degree CSC conviction. In a prior appeal, this Court affirmed defendant's convictions, but vacated his sentences because of a scoring error and remanded for resentencing. *People v Guffey*, unpublished opinion per curiam of the Court of Appeals, issued January 15, 2015 (Docket No. 317902), slip op at 5. On remand, the trial court resentenced defendant to concurrent prison terms of 156 to 360 months for each first-degree CSC conviction, 60 to 180 months for each second-degree CSC conviction, and 361 days for each fourth-degree CSC conviction. Defendant again appeals as of right. We affirm defendant's convictions, but remand for further sentencing proceedings consistent with *People v Steanhouse*, 313 Mich App 1; 880 NW2d 297 (2015), lv gtd 499 Mich 934 (2016).

In his sole issue on appeal, defendant challenges the reasonableness of the trial court's sentences imposed for his convictions of first-degree criminal sexual conduct. The sentences represent departures from the applicable sentencing guidelines range of 81 to 135 months. MCL 777.62. As plaintiff concedes, and we agree, remand is required for reconsideration of defendant's departure sentences in accordance with the "reasonableness" standard adopted in *Steanhouse*, which was decided after defendant was resentenced.

Defendant was originally sentenced before significant changes to Michigan's sentencing scheme were effectuated by our Supreme Court's decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). In *Lockridge*, our Supreme Court struck down the requirement in MCL

-1-

769.34(3) under which a trial court was permitted to depart from the sentencing guidelines range only for "substantial and compelling" reasons. *Id.* Although the Supreme Court held that "[a] sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness," *id.* at 392, it did not set forth a standard for determining reasonableness. In *Steanhouse*, this Court adopted the "principle of proportionality" from *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), as the appropriate standard for determining the reasonableness of a departure sentence under *Lockridge*, "hold[ing] that a sentence that fulfills the principle of proportionality under *Milbourn* and its progeny constitutes a reasonable sentence under *Lockridge*." *Steanhouse*, 313 Mich App at 47-48. This Court further held that in cases in which the trial court was unaware of and not bound by this reasonableness standard at the time of sentencing, the case should be remanded, following the *Crosby*[1] remand procedure adopted in *Lockridge*. Specifically, this Court stated:

> Given our conclusion that the principle of proportionality established under *Milbourn*, and its progeny, is now the appropriate standard by which a defendant's sentence should be reviewed, we find that the procedure articulated in *Lockridge*, which is modeled on the procedure adopted in *United States v Crosby* . . . , should apply here. As recently stated by this Court in *People v Stokes*, 312 Mich App 181, 200-201, 877 NW2d 752 (2015), [appeal held in abeyance ___ Mich ___; 878 NW2d 886 (2016),] "the purpose of a *Crosby* remand is to determine what effect *Lockridge* would have on the defendant's sentence so that it may be determined whether any prejudice resulted from the error." While the *Lockridge* Court did not explicitly hold that the *Crosby* procedure applies under the circumstances of this case, we conclude that this is the proper remedy when, as in this case, the trial court was unaware of, and not expressly bound by, a reasonableness standard rooted in the *Milbourn* principle of proportionality at the time of sentencing. [*Steanhouse*, 313 Mich App at 48 (citations omitted).]

See also *People v Heller*, ___ Mich App___; ___ NW2d ___ (2016) (Docket No. 326821); slip op at 2 and, *People v Stevens*, ___ Mich App___; ___ NW2d ___ (2016) (Docket No. 328097); slip op at 3 (holding that *Steanhouse* remains binding precedent and that remand was required where "[t]he court did not specifically consider, as required by *Steanhouse*'s readoption of the *Milbourn* standard, whether the sentence imposed was 'proportionate to the seriousness of the circumstances of the offense and the offender' "), quoting *Milbourn*, 435 Mich at 636.

Because the trial court imposed its departure sentences without having the opportunity to adhere to the standard of reasonableness rooted in the *Milbourn* principle of proportionality, we remand this case to the trial court, which shall implement the *Crosby* remand procedure as

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005), cert den 549 US 915; 127 S Ct 260; 166 L Ed 2d 202 (2006).

articulated in *Lockridge*, 498 Mich at 397-399, and reconsider defendant's sentences in light of *Milbourn*.[2]

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro

---

[2] We reject defendant's related request that this case be assigned to a different judge on remand. Defendant claims that the trial court's comment that "I dropped it down a little bit because the Court of Appeals seemed disturbed" suggests that the judge could not reasonably be expected to set aside his previously expressed views about the necessity of a sentencing departure. Defendant relies on *People v Evans*, 156 Mich App 68, 72; 401 NW2d 312 (1986), which sets forth the following three-part test for determining whether a case should be reassigned when it is remanded for further proceedings:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness. [Citation omitted.]

Remand is required in this case for reconsideration under newly established legal standards, not because of any previously expressed views found to be improper or erroneous. Further, the trial court's statements at sentencing do not reveal any cause for concern that its sentencing decision was based on inappropriate considerations. Moreover, for disqualification to be warranted under MCR 2.003(C)(1)(a), the trial judge must be shown to be personally and actually biased or prejudiced for or against a party. *Cain v Mich Dep't of Corrections*, 451 Mich 470, 495-496; 548 NW2d 210 (1996). The trial court's comment, as quoted above, does not demonstrate that it was actually and personally biased against defendant, and there is no indication that the sentence imposed was the product of any such bias or prejudice.