# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 15, 2018

Plaintiff-Appellee,

v

No. 336201
Kent Circuit Court
LC No. 12-006969-FC

HENRY RICHARD HARPER,

Defendant-Appellant.

Before: MARKEY, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Defendant, Henry Richard Harper, was found guilty following a jury trial of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b); and third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 25 to 50 years' imprisonment for CSC-I and to 20 to 50 years' imprisonment for CSC-III, with the sentences to run consecutively. This Court affirmed defendant's convictions but remanded to the trial court for resentencing because it found that consecutive sentencing was not authorized by statute and the record was unclear as to whether defendant was appropriately sentenced as a fourth-offense habitual offender.[1] The prosecution sought leave to appeal in the Michigan Supreme Court. In lieu of granting leave to appeal, our Supreme Court vacated the part of this Court's opinion holding that it cannot be concluded that two separate assaults could constitute part of the "same transaction" under MCL 750.520b(3) but recognized that the trial court did not provide specific evidence to justify the imposition of consecutive sentences, and remanded to the trial court.[2] The Court directed the trial court to either issue an order providing a basis for its conclusion that the two assaults were part of the same transaction or impose concurrent sentences. The trial court issued an order identifying evidence that it relied upon in finding that the assaults arose out of the same transaction and resentenced defendant as a third-offense habitual offender, MCL 769.11, to 22 ½ to 50 years' imprisonment for his CSC-I conviction consecutive to 17 ½ to 30 years' imprisonment for his

---

[1] *People v Harper*, unpublished opinion per curiam of the Court of Appeals, issued June 11, 2015 (Docket No. 319942).
[2] *People v Harper*, 498 Mich 968 (2016).

-1-

CSC-III conviction, but with credit for 1,572 days served. Defendant again appeals by right. We vacate defendant's sentences and remand for resentencing.

This Court summarized the facts of the case in its unpublished opinion as follows:

> The victims in this case are half-brothers, D.H. and D.A. At the time of the sexual assaults, defendant was 40 years old, D.A. was 14 years old, and D.H. was 12 years old. Defendant leased property to the victim's family and, at some point, defendant obtained approval from the boys' mother to have D.A. and D.H. help him at his home. D.A. and D.H. went to defendant's house separately, at different times, ostensibly to help him. According to D.A., when he went to defendant's house, defendant forced him to urinate in defendant's mouth, and the next morning, when D.A. awoke at defendant's house, defendant had D.A.'s penis in his mouth. When D.H. subsequently went to defendant's house, he was also forced to urinate in defendant's mouth. D.H. and D.A. told their mother and stepfather about the incidents with defendant, and their mother called the police. Detective Kelli Braate subsequently interviewed defendant, who admitted that D.H. and D.A. urinated in his mouth. Despite his confession to Detective Braate, defendant testified at trial and denied the abuse. [*People v Harper*, unpublished per curiam opinion of the Court of Appeals, issued June 11, 2015 (Docket No. 319942), p 1.]

Defendant argues on appeal that defendant's sexual assaults of D.A. and D.H. did not arise out of the same transaction, and, thus, the trial court erred in imposing consecutive sentences. "In Michigan, concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *People v DeLeon*, 317 Mich App 714, 721; 895 NW2d 577 (2016) (quotation marks and citation omitted). MCL 750.520b(3), provides that:

> The court may order a term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction.

Under this statute, if defendant's CSC-III offense arose out of the same transaction as his CSC-I offense, then the trial court had the discretion to impose consecutive sentences. But if the two offenses did not arise out of the same transaction, the trial court lacked the authority to impose consecutive sentences. See *id*.

Whether a statute authorizes consecutive sentences is a question of law reviewed de novo. *People v English*, 317 Mich App 607, 611; 897 NW2d 184 (2016) ("This Court reviews de novo the interpretation and application of statutes."). A trail court's findings of fact are reviewed for clear error. MCR 2.613(C). "A factual finding is clearly erroneous if it either lacks substantial evidence to sustain it, or if the reviewing court is left with the definite and firm conviction that the trial court made a mistake." *People v Mazur*, 497 Mich 302, 308; 872 NW2d 201 (2015). A trial court's decision to impose a discretionary consecutive sentence is reviewed for abuse of discretion. *People v Norfleet*, 317 Mich App 649, 654; 897 NW2d 195 (2016).

"The term 'same transaction' is not statutorily defined[.]" *People v Ryan*, 295 Mich App 388, 402; 819 NW2d 55 (2012). The *Ryan* Court found that an act of vaginal intercourse immediately followed by an act of fellatio on the same victim constituted separate offenses arising from the same transaction because the two offenses "grew out of a continuous time sequence" and had "a connective relationship that was more than incidental." *Id*. at 403. In *People v Brown*, 495 Mich 962 (2014),[3] the Court applied the same reasoning when it vacated the defendant's seven consecutive sentences for CSC-I convictions. The Court found that at most, three of the defendant's convictions arose from the "same transaction" because "the three sexual penetrations 'grew out of a continuous time sequence' and had 'a connective relationship that was more than incidental.' " *Id*. at 962-963, quoting *Ryan*, 295 Mich App at 402-403.

This Court discussed the *Brown* decision in *People v Bailey*, 310 Mich App 703, 724; 873 NW2d 855 (2015), and noted that:

> While we do not have access to the trial court record in that case, the prosecution's brief to this Court in *Brown* detailed a total of seven criminal penetrations perpetrated by the defendant, against the same victim, over approximately 10 days during three separate incidents. Three of the penetrations occurred in the course of a single ongoing assault, thus allowing the sentences for the second and third penetrations of that transaction to each be imposed consecutively to the sentence for the first and to each other. [*Id*.]

This Court also pointed out that "we can be certain that the [Michigan Supreme] Court concluded that four of the penetrations within that 10-day period were not part of the 'same transaction,' even though they were close in time and demonstrated ongoing child sexual abuse of the same victim." *Id*. at 724-725. In *Bailey*, this Court held "that an ongoing course of sexually abusive conduct involving episodes of assault does not in and of itself render the crimes part of the same transaction." *Id*. at 725. Rather, "[f]or multiple penetrations to be considered as part of the same transaction, they must be part of a 'continuous time sequence,' not merely part of a continuous course of conduct." *Id*. at 725. Using this standard, the *Bailey* Court found that the trial court erred in sentencing the defendant to consecutive sentences because, although there was "a brief time overlap" between the range of time when defendant assaulted one victim and the range of time when the defendant assaulted another victim, "there [was] no evidence that [the] defendant's commission of Count I occurred in the same transaction as the offense against [the other victim] . . . ." *Id*. at 725-726.

In this case, the trial court concluded that the assaults of stepbrothers D.A. and D.H. occurred on the same day. Although this Court noted that the record was "somewhat unclear" about how much time elapsed between D.A.'s leaving defendant's home and defendant's picking up D.H., *Harper*, unpub op at 4 n 3, the trial court did not clearly err in finding the assaults transpired on the same day when it relied on trial testimony from D.A. MCR 2.613(C).

---

[3] "Supreme Court orders that include a decision with an understandable rationale establish binding precedent." *People v Giovannini*, 271 Mich App 409, 414; 722 NW2d 237 (2006).

On de novo review, *English*, 317 Mich App at 611, we conclude, however, that the facts of this case show that defendant's CSC-III conviction did not arise out of the "same transaction" as his CSC-I conviction. See *Bailey*, 310 Mich App at 724-726. The trial court emphasized that defendant's "predatory behavior [was] blatant evidence of a causal connection between the first and third-degree criminal sexual conduct events" in its order justifying imposition of consecutive sentences. But this Court held in *Bailey* "that an ongoing course of sexually abusive conduct involving episodes of assault does not in and of itself render the crimes part of the same transaction." *Bailey*, 310 Mich App at 725. The two assaults still need to be "part of a 'continuous time sequence,' not merely part of a continuous course of conduct." *Id*., quoting *Brown*, 495 Mich at 963, quoting *Ryan*, 295 Mich App at 402-403. In this case, although defendant assaulted two stepbrothers in a similar manner, a continuous course of conduct is not enough. Defendant dropped off D.A. at his girlfriend's house and then went to pick up D.H., thereby disrupting the continuous time sequence. Consequently, the assaults in this case did not arise from the same transaction, and consecutive sentencing was not authorized by statute. See *id*.

Next, defendant argues that he was entitled to a full hearing on remand for resentencing because the trial court's order limiting resentencing to the issue of habitual offender status (after the order justifying imposition of consecutive sentencing) deprived defendant of his right to allocution. Questions concerning "the scope and applicability of the common-law right to allocute" are reviewed de novo. *People v Petty*, 469 Mich 108, 113; 665 NW2d 443 (2003).

When an original sentence is vacated and remanded for resentencing, the case comes "before the trial court in a presentence posture[.]" *People v Rosenburg*, 477 Mich 1076 (2007). "The power of the lower court on remand is to take such action as law and justice may require so long as it is not inconsistent with the judgment of the appellate court." *People v Fisher*, 449 Mich 441, 446-447; 537 NW2d 577 (1995) (quotation marks and citation omitted).

In this Court's opinion on defendant's original appeal we instructed the trial court to assess defendant's habitual offender status and impose concurrent sentences when resentencing defendant. *Harper*, unpub op at 4-5. But our Supreme Court vacated the portion of this Court's opinion holding that it could not be concluded that the two assaults constituted part of the same transaction, and remanded to the trial court to "either issue an order that provides a basis for its conclusion that the two criminal offenses arose from the same transaction, or impose concurrent sentences." *People v Harper*, 498 Mich 968 (2016). Therefore, the instructions that the trial court had from the appellate courts were to assess defendant's habitual offender status and justify or correct the imposition of consecutive sentences on remand.

On remand, the trial court issued an opinion and order identifying specific evidence that it relied upon to conclude that the two assaults constituted part of the same transaction, which satisfied our Supreme Court's order. The trial court even solicited briefing from both parties on the issue of consecutive sentencing, which was not required on remand, and issued its opinion and order containing the factual basis for the court's conclusion that consecutive sentencing was appropriate under MCL 750.520b(3). But the trial court also determined, consistent with this Court's opinion regarding remand, that defendant should have been sentenced as a third-offense habitual offender, not a fourth-offense habitual offender, and scheduled a resentencing hearing on that issue. This action was required by the parts of this Court's opinion that were not vacated

-4-

by our Supreme Court. So, the trial court properly executed the mandates of both this Court and our Supreme Court, and a full resentencing was not required. See *Fisher*, 449 Mich at 446-447.

Yet defendant argues that the trial court violated his right of allocution, recognized in MCR 6.425(E)(1)(c), because it issued an order limiting resentencing to the issue of habitual offender status. MCR 6.425(E)(1)(c) requires the sentencing court, on the record, to "give the defendant, the defendant's lawyer, the prosecutor, and the victim an opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence[.]" Contrary to defendant's argument that he was denied the right of allocution, the trial court asked defense counsel, "Counsel, is there anything you'd like to say on behalf of your client or any comment with regards to the updated presentence report?" At that point, defense counsel indicated that defendant had no misconducts while in prison, which he noted was unusual at a resentencing. The trial court then asked defendant, "Sir, is there anything you wish to say or any comment with regards to your presentence report before I impose sentence?" To which, defendant responded, "No." Thus, both defense counsel and defendant were specifically granted the opportunity to advise the court on the record of any circumstances to consider when imposing sentence, fulfilling the trial court's duty to protect defendant's right of allocution.

Finally, defendant argues that on remand resentencing should be before a different judge. In deciding whether to remand to a different judge, this Court considers:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness. [*People v Evans*, 156 Mich App 68, 72; 401 NW2d 312 (1986) (quotation marks and citation omitted).]

In this case, we find that there is no basis to conclude that the trial court would be unable to set aside previously expressed views or findings. Nothing in the record indicates that the trial court would not be able to follow this Court's opinion on remand. Indeed, the record indicates to this Court the opposite. On prior remand, the trial court meticulously followed the remand instructions of both this Court and our Supreme Court.

Nor do we find that reassignment of this case is necessary to preserve the appearance of justice or fairness. While this Court disagrees with the trial court regarding its ultimate decision to impose consecutive sentencing, the trial court reached its determination in a manner that was completely fair and proper. In sum, there is no reason to remand this case to a different judge.

In conclusion, we vacate defendant's consecutive sentences and remand for resentencing consistent with this opinion. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola