*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KYLE AUSTIN NELSON,

Defendant-Appellant.

UNPUBLISHED
November 21, 2019

No. 343305
Oakland Circuit Court
LC No. 2017-264428

Before: RONAYNE KRAUSE, P.J., and METER and GLEICHER, JJ.

METER, J. (*concurring in part, dissenting in part*).

I agree with the majority's denial of defendant's claim regarding an anonymous jury as well as its conclusion that the trial court erred by scoring OV 19 at 10 points. Because the scoring error entitled defendant to resentencing, *People v Francisco*, 474 Mich 82, 92; 711 NW2d 44 (2006), I would have declined to address defendant's argument regarding his out-of-guidelines sentence. Further, I respectfully disagree with the majority's conclusion that resentencing must occur before a different judge.

Remand before a different judge is appropriate "when the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected" or when reassignment is necessary to preserve the appearance of fairness. *People v Evans*, 156 Mich App 68, 72; 401 NW2d 312 (block notation omitted). Defendant argued that resentencing before a different judge is necessary because the trial judge would have substantial difficulty setting aside his improper attitude toward defendant. Defendant argued that the trial judge's improper attitude was revealed in the trial judge's decision to depart from the guidelines when sentencing defendant and the trial judge's statement that defendant's crimes were "despicable, odious, repulsive, repugnant, repellant, detestable, revolting, and rebarbative." I disagree.

Although harsh, the trial judge's comments were a reasonable description of defendant's offenses, in which he exploited his relationship with his nephew to sexually prey on him and his friend. With regard to the trial court's decision to issue a sentence outside the guidelines range, I

note that, although I would not reach this issue, the trial judge based his decision on his appraisal of several factors that he believed were not adequately addressed in the guidelines. If, in his appraisal of these factors, the trial judge misinterpreted the evidence or made other legal errors, these errors have now been identified and corrected by the majority opinion. In short, there is nothing in the record from which I can conclude that the original trial judge would be unable to issue an objective sentence on remand—particularly now that his previous errors have been identified by the majority opinion. Accordingly, I would decline defendant's request to assign a new judge on remand.

/s/ Patrick M. Meter